IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYRONE ADAM WILLIAMSON,

           Plaintiff,

    v.

MULTNOMAH COUNTY CIRCUIT
COURT, MULTNOMAH COUNTY
SHERIFF, OREGON STATE HOSPITAL,
and DISTRICT ATTORNEY,

           Defendants.

No. 3:14-cv-00609-HZ

OPINION & ORDER

Tyrone Adam Williamson
15627 SE Stark A6
Portland, OR 97233

    Pro Se Plaintiff

/ / /

/ / /

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Tyrone Williamson, appearing *pro se*, filed this action on April 14, 2014, and has applied to proceed *in forma pauperis* [1]. An examination of the application reveals that Plaintiff is unable to afford the fees of this action. Accordingly, his application is granted and no filing fee should be assessed. However, for the reasons set forth below, the complaint is dismissed with prejudice for failure to state a claim.

## STANDARDS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(A) the allegation of poverty is untrue; or
(B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dep't of Health Servs., 939 F.2d 881, 882 (9th Cir. 1991). A court must liberally construe the allegations of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt. Lopez, 939 F.2d at 883.

## DISCUSSION

Plaintiff alleges two claims. In his first claim, Plaintiff states the following:

> In 1994 I filed a restraining order against Dorothy N Williamson on property 5016 NE 14th Place Portland Oregon 97213….I was arrested over 20 times, eventually was forcibly convicted of guilty by reason of insanity,

2 - OPINION & ORDER

> however…Dorothy N Williamson did not have a legal restraining order…thus using the police to wrongfully steal and sell my property…also harass me assault me and the Multnomah County Sheriff office strong armed me assaulted me and stole property….The Circuit Court as well as the DA knew in 1999 of this and did not nor have not made me whole….The Oregon State Hospital has not made me whole[.]

Compl. 3.  In his second claim, Plaintiff alleges that the "DA OSH Multnomah County Sheriffs [and] Circuit Court" had an obligation to "defend [his] property." Id. at 4.  In documents attached to the complaint, Dorothy Williamson obtained a restraining order against Plaintiff in August 1994.  Compl. 17.  Also in August 1994, Plaintiff obtained a restraining order against Dorothy Williamson. Id. Ex. 1 at 9.  Plaintiff was found guilty of violating the restraining order, a misdemeanor, in March 1998. Id. at 13.

The bases for Plaintiff's claims are allegations that occurred in 1994, 1998, and 1999—events that happened 15 to 20 years ago.  Even if I were to construe Plaintiff's claims as based in 42 U.S.C. § 1983, the statute of limitations is two years.  "We have held that § 1983 claims are to be characterized as personal injury actions for statute of limitations purposes.  Oregon's general tort statute provides a 2-year statute of limitations." Plumeau v. School Dist. #40, 130 F.3d 432, 438 (9th Cir. 1997) (citation omitted); Gomez v. Hardie, No. 13-cv-00161-ST, 2013 U.S. Dist. LEXIS 41692, at *11 (D. Or. Feb. 19, 2013).  The statute of limitation has long passed for Plaintiff's claims; therefore the complaint must be dismissed for failure to state a claim.  Additionally, because the dates of the events will not change, the complaint is dismissed with prejudice, as amendment would be futile. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); but see Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile").

/ / /

3 - OPINION & ORDER

CONCLUSION

Based on the foregoing, Plaintiff's application to proceed *in forma pauperis* [1] is granted, but Plaintiff's complaint [2] is dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated this 18 day of April, 2014.

                                                 /s/ Marco Hernández
                                                 MARCO A. HERNÁNDEZ
                                                 United States District Judge

4 - OPINION & ORDER